UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE MUNDONGO MANUNGA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>COSTA MESA POLICE DEPT., et al.,<br><br>　　　　　　Defendants. | CASE NO. SA CV 13-1062 AG (RZ)<br><br>MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br>(Attaching Form CV-66) |

　　　　　The *pro se* and *in forma pauperis* plaintiff, Jeanne Mundongo Manunga, is a citizen of the Democratic Republic of the Congo confined in Orange County jail. She faces removal proceedings based on her 2010 California conviction of false imprisonment by deceit. The defendants in this civil rights action include (1) state and local government entities, sued under 42 U.S.C. § 1983, as well as (2) some federal entities, presumably if implicitly sued pursuant to *Bivens v. Six Unknown Named Agents, Etc.*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). (Plaintiff cites neither § 1983 nor *Bivens*.) The Court received Plaintiff's "Motion of Law Suit" on July 11, and the Court construed that "Motion" as the complaint commencing this action. On July 25, the Court received Plaintiff's "Lawsuit for Unlawful Confinement," which the Court has construed as the First Amended Complaint (1AC) superseding the initial complaint. The Court will dismiss the 1AC, with leave to amend, due to various pleading flaws discussed below.

# I.

## SCREENING OF *IN FORMA PAUPERIS* COMPLAINTS

The Court must screen all complaints, including Plaintiff's, brought *in forma pauperis*. *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915(e)(2) (screening of *in forma pauperis* actions generally). The Court must "dismiss the case if at any time it determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

# II.

## THE *HECK* DOCTRINE BARS THE FIRST FOUR CLAIMS

This Court cannot grant civil rights relief where doing so necessarily would imply the invalidity of a not-yet-overturned conviction. *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In light of the fact that Plaintiff's 2010 false-imprisonment conviction has not been overturned, *Heck* appears to bar the first four of Plaintiff's six claims, at least in part, as the following claim-by-claim summary shows.

Claim 1: Plaintiff sues the Costa Mesa Police Department and one of its detectives, Kevin Condon. She alleges that they improperly arrested her for false imprisonment in 2009 and interrogated her in violation of her *Miranda* rights. Her eventual "conviction," she argues, therefore "has been totally unfair by the Law." 1AC at 3. Granting the requested relief – $5 million in damages – necessarily would imply the invalidity of her conviction.

Claim 2: Plaintiff sues the Orange County Superior Court – which is not a proper defendant, as noted below – for $10 million for various errors rendering her 2010 conviction invalid. *Heck* obviously bars this claim.

Claim 3: Plaintiff sues the Orange County Public Defender's Office, and one or more of its attorneys, for $5 million for botching her defense. *Heck* bars this claim.

Claim 4: Plaintiff sues her privately retained criminal defense attorney, Edward Thomas Welbourn, for $5 million for inadequately defending her in 2011 probation proceedings that concluded with a finding that Plaintiff had violated her probation. Because granting relief would imply the invalidity of the probation-violation finding, *Heck* bars this claim. (In addition, Welbourn, a privately retained attorney, is not a state actor subject to liability under 42 U.S.C. § 1983.)

It is possible that some portions of Claims 1-4 could be reasserted in a Second Amended Petition (2AC) without running afoul of *Heck*. To cite only one example: Plaintiff alleges in passing, under the heading of Claim 1, that her 2009 post-arrest search, albeit one conducted by a female officer, was improper in some unspecified way. *See* 1AC at 2. (She may have to allege additional facts indicating how or why the search was improper if she is to state a valid claim.) Granting relief on such a claim would not necessarily imply that Plaintiff's conviction is invalid. But in any 2AC, Plaintiff must take care not to assert any claims implicitly or expressly challenging the validity of her conviction(s), or the action may be dismissed.

## III.
## *BIVENS* DOES NOT PROPERLY ENCOMPASS NON-CITIZENS' CLAIMS FOR IMPROPER PRE-REMOVAL DETENTION

Plaintiff's Claim Five (the first of two claims thus labeled) targets immigration officials for wrongfully detaining her for possible removal based on her state criminal entanglements. Because the defendants are federal government employees, rather than state or local ones, Plaintiff implicitly sues them pursuant to *Bivens*. The Supreme Court has held that *Bivens* relief is available if the circumstances pass two tests:

In the first place, there is the question whether any alternative, existing process for protecting the [constitutionally recognized] interest amounts to a

> convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages . . . . But [second,] even in the absence of an alternative, a *Bivens* remedy is a subject of judgment: 'the federal courts must make the kind of remedial determination that is appropriate for a common-law tribunal, paying particular heed, however, to any special factors counselling [*sic*] hesitation before authorizing a new kind of federal litigation.'

*Minneci v. Pollard*, ___ U.S. ___, 132 S. Ct. 617, 621, 181 L. Ed. 2d 606 (2012) (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550, 127 S. Ct. 2588, 168 L. Ed. 2d 389 (2007) (*Wilkie*)).

The Ninth Circuit recently applied the two-part *Wilkie* test and rejected the availability of *Bivens* relief for an illegal immigrant suing "federal agents for wrongful detention pending deportation." *See Mirmehdi v. United States*, 689 F.3d 975, 983 (9th Cir. 2012). *Mirmehdi* explained that deportation proceedings are distinguishable from other situations in which unlawful detention may occur. *Id.* at 981. "It is well established that immigrants' remedies for vindicating the rights which they possess under the Constitution are not coextensive with those offered to citizens." *Id.* (citing *Reno v. American-Arab Anti–Discrimination Comm.*, 525 U.S. 471, 488, 119 S. Ct. 936, 142 L. Ed. 2d 940 (1999) ("As a general matter . . . an alien unlawfully in this country has no constitutional right to assert selective enforcement as a defense against his deportation.")). Under the first of the two *Wilkie* tests, the Ninth Circuit noted, alternative processes existed because "Congress has established a substantial, comprehensive, and intricate remedial scheme in the context of immigration." *Id.* (quoting *Arar v. Ashcroft*, 585 F.3d 559, 572 (2d Cir. 2009) (en banc)). The appellate court also noted the availability of habeas as another remedy. *Id.* As to the second *Wilkie* test, the Ninth Circuit explained that there indeed were sound reasons for declining to extend *Bivens* relief in this arena, for "immigration issues 'have the natural tendency to affect diplomacy, foreign policy, and the security of the nation' . . . ." *Id.* (citing *Arar*, 585 F.3d at 574).

No material facts distinguish this case from *Mirmehdi*. Although the plaintiff in that case arrived in the United States illegally, whereas Plaintiff did not, that was not a factor in the Ninth Circuit's two-part *Wilkie* analysis and rejection of *Bivens* relief. Plaintiff states no claim against the immigration agents for which relief is available. (Whether her removal is itself proper is a matter to be determined in her ongoing administrative immigration case, not in this civil rights action.)

## IV.

## THE SUPERIOR COURT IS NOT A SUABLE ENTITY

The sole defendant in Plaintiff's Claim Two is the Superior Court of the State of California for the County of Orange, from which she seeks $10 million in damages. As noted above, the claim is barred by *Heck*. In addition, a California "Superior Court is not a person that can be liable under [42 U.S.C.] § 1983. *See Will v. Michigan Dept. Of State Police* , 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) ([holding] that states, state agencies and state officials sued in their official capacities are not persons subject to civil rights lawsuits under 42 U.S.C. § 1983)." *Lynn v. Freidenthal,* No. CV 09-8717 PSG (VBK), 2011 WL 836456, at *8 (C.D. Cal. 2011); *accord, Mumford v. Basinski,* 105 F.3d 264, 267 (6th Cir. 1997) *(* "[a] state court is not a 'person' . . . subject to lawsuit under" 42 U.S.C. § 1983). Plaintiff must omit this defendant in any further amended complaint. (Nor may she sue any judicial officer of that or any other court for wrongful rulings or other judicial actions, for the reason explained next.)

## V.

## ABSOLUTE IMMUNITY SHIELDS COURT OFFICERS

Plaintiff sues Immigration Judge Lorraine (sued as Lorrain) J. Munoz for $5 million in damages, for Munoz's alleged errors in Plaintiff's removal case. 1AC at 20-24 (second of two claims labeled Claim Five). Plaintiff also sues the Orange County Public Defender's Office for $5 million for alleged missteps of some of that office's

1  attorneys. 1AC at 9-13 (Claim Three).  She also implies within Claim Two that
2  prosecutors acted improperly against her. *See* 1AC at 5, 9.  But such defendants are
3  absolutely immune from actions for damages based on their actions as court officers. *See*
4  *Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (judges); *Buckley v.*
5  *Fitzsimmons*, 509 U.S. 259, 269, 113 S. Ct. 2606, 125 L. Ed. 2d (1993) (prosecutors); *Polk*
6  *County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public
7  defenders); *see also Stevens v. Holder*, __ F. Supp. 2d __, __, No. 1:12-CV-1352-ODE,
8  2013 WL 3056698 (N.D. Ga. Jan. 16, 2013), at *7 (extending judicial immunity to
9  Immigration Judge); *see generally Butz v. Economou*, 438 U.S. 478, 513-14, 98 S. Ct.
10 2894, 57 L. Ed. 2d 894 (1978) (according absolute judicial immunity to administrative law
11 judges, hearing examiners and other officials who perform judge-like functions).

## VI.

### CLAIMS SHOULD BE STATED IN "SHORT" AND "PLAIN" TERMS

Federal Rule of Civil Procedure 8(a) requires that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  "A claim is the 'aggregate of operative facts which give rise to a right enforceable in the courts.'" *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (quoting *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 189 (2d Cir. 1943)).  To comply with the Rule, a plaintiff must plead a short and plain statement of the elements of his or her claim, "identifying the transaction or occurrence giving rise to the claim and the elements of a prima facie case," which elements, of course, will vary depending on the species of claim being asserted. *See Bautista*, 216 F.3d at 840.

The 24-page length of the 1AC is unreasonable in light of the relative simplicity of the underlying factual allegations.  Stripped of its confusing and improper verbal surplusage, the complaint could be halved in length.  The Court refers Plaintiff to

the admonitions of Circuit Judge Arthur Alarcón in dismissing another *pro se* civil-rights action with leave to amend:

> . . . Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.
>
> . . .
>
> Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); FED. R. CIV. P. 8.
>
> Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).
>
> A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an opportunity to cure them. *See Lopez v.*

*Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted).

**The court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes.** *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to FED. R. CIV. P. 41 for violation of these instructions.

*Clayburn v. Schirmer*, No. CIV S 06-2182 ALA P, 2008 WL 564958, slip op. at 3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (**emphasis in bold added**).

What is a "short and plain" statement of a claim?  The Ninth Circuit in *McHenry,* one of the cases cited by Circuit Judge Alarcón above, illustrated this by quoting from an official federal form, one for negligence, as follows:

The complaints in the official Appendix of Forms are dramatically short and plain. For example, the standard negligence complaint consists of three short paragraphs:

    1.    [Allegation of jurisdiction.]
    2.    On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a

> motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of _____ dollars and costs.

FED. R. CIV.P. Form 9. This complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and understood in minutes.

*McHenry*, 84 F.3d at 1177. "By contrast," the *McHenry* court lamented, "the complaint in the case at bar is argumentative, prolix, replete with redundancy and largely irrelevant. It consists largely of immaterial background information." *Id*.

Just so here. Instead of alleging the operative facts simply and without argument, Plaintiff devotes much of the 1AC to "preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like." To cite but one example: on page three, amidst her claim against the Costa Mesa Police Department for violating her rights in 2009, she includes paragraph after paragraph of allegations about torture, rape and other abuses she and her family members suffered before she left the Congo for the United States. 1AC at 3. She then discusses the loss of her nursing licence and business license and her mother's medical woes. 1AC at 4. Although these facts are tragic if true, they have no *legal* bearing on whether Costa Mesa Police officials violated her rights in 2009. (The Congo-related

facts may have some bearing on Plaintiff's removal action, but that is a separate proceeding.)

### VII.
### TEXT IN BRIEFS MUST BE DOUBLE SPACED AND ADEQUATELY SIZED

This Court's rules provide that "[a]ll documents . . . shall be numbered on the left margin with not more than 28 lines per page. The lines on each page shall be double-spaced and numbered consecutively with line 1 beginning at least one inch below the top edge of the paper." CIV. L.R. 11-3.2. The 1AC bears no line numbers and is not double spaced. Plaintiff plainly has access to a modern word processor and printer. She should correct this shortcoming in any subsequent filings, in this case and any others in which she is a party.

In addition, Plaintiff may be using an improperly small typeface. "Either a proportionally spaced or a monospaced face may be used," the rules state. "A proportionally spaced face must be 14-point or larger, or as the Court may otherwise order. A monospaced face may not contain more than 10-1/2 characters per inch." CIV. L.R. 11-3.1.1. Plaintiff, who is using a proportionally spaced font, should take care that she has selected at least a 14-point size of that font for use in any further submissions.

### VIII.
### SUGGESTED USE OF FORM CIVIL RIGHTS COMPLAINT (FORM CV-66)

To assist Plaintiff in preparing a 2AC that complies with sections VI and VII above, the Court has attached a form civil rights complaint (Form CV-66) to this Order. Although the form is not mandatory, its format will help ensure that Plaintiff adequately states the legal and factual bases for her claims – without overstating them.

///
///
///

## IX.

## CONCLUSION

Based on the foregoing, the complaint hereby is DISMISSED, and leave to amend is granted. More specifically, Plaintiff has three options:

(1) **Plaintiff may pursue this action further** by filing an original and one copy of a pleading captioned as a Second Amended Complaint (2AC), bearing the current case number, within 30 days of the filing date of this Order. To withstand another dismissal, the 2AC must correct the deficiencies identified in this Order and must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. The 2AC must be complete in itself and must not refer to or incorporate any prior version of the complaint.

(2) **Plaintiff may file a "Notice of Intent Not to Amend Complaint" within 30 days** of the filing date of this Order. If Plaintiff timely files such a Notice, then the undersigned will recommend to the assigned District Judge that this action be dismissed, freeing Plaintiff to appeal the dismissal on the grounds cited above. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063-66 (9th Cir. 2004).

(3) **Plaintiff may do nothing** in response to this Order. If Plaintiff does not file a document pursuant to either option 1 or 2 above within the 30-day deadline, then the Court shall deem her to have consented to dismissal of this action for failure to prosecute and for failure to comply with this Order. *See id*.

**The Court cautions Plaintiff that if she fails to file a timely amended complaint or otherwise fails to comply substantially with the terms of this Order, then this action may be dismissed.**

IT IS SO ORDERED.

DATED:  August 1, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

Attachment: Form CV-66